# United States District Court
# Eastern District of California

| | |
|---|---|
| HAFED THABET, | CV 07-00540 TJH |
|           Petitioner, | |
|   v. | Order |
| R.J. SUBIA, | |
|           Respondent. | |

The Court has considered the petition for a writ of *habeas corpus*, together with the moving and opposing papers.

In a recent decision, the Supreme Court reversed the Ninth Circuit's holding that federal courts could undertake a substantive review of state courts' application of state law. *Swarthout v. Cooke*, 562 U.S. __, 131 S. Ct. 859, 860, 178 L. Ed. 2d 732, 740 (2011). While California's some evidence standard does create a liberty interest in parole, *Estelle v. McGuire*, 502 U.S. 62, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) held that there should be no substantive due process examination of a state's laws. *Swarthout*, 562 U.S. at __, 131 S. Ct. at 861-62, 178 L. Ed. 2d at

742. Therefore, federal courts may only undertake a procedural due process review of *habeas* petitions concerning parole denials. *Swarthout*, 562 U.S. at __, 131 S. Ct. at 862, 178 L. Ed. 2d at 743. This review, however, is limited to the standard articulated in *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979): As long as the prisoner has received notice and an opportunity to be heard during parole proceedings, federal procedural due process has been satisfied. *Swarthout*, 562 U.S. at __, 131 S. Ct. at 862, 178 L. Ed. 2d at 743.

Here, Petitioner has not alleged a lack of notice or opportunity to be heard. Indeed, the record clearly reflects Petitioner was present, with counsel, at his parole hearing. Therefore, procedural due process is satisfied under *Swarthout*.

It is Ordered that Petitioner's petition for a writ of *habeas corpus* be, and hereby is, Denied.

Date:   April 8, 2011

_____
Terry J. Hatter, Jr.
Senior United States District Judge